The opinion of the Court was delivered by
Whitner, J.
It will be perceived by the report, that this case was decided on circuit, upon the authority of the case of Nicholas vs. Hubbard, 5 Rich. 267. The counsel submitting his present motion, conceded the exact analogy, and expressed a desire to be heard, notwithstanding, by way of review.
As the question involved was of somewhat novel impression, wholly so in the Court of Appeals, as the case adjudged had not received the approval of the whole Court, and another member had been added to the. Court, the occasion was deemed opportune to review that decision.
The examination now given has resulted in the affirmation of the case of Nicholas vs. Hubbard; and in dismissing the present motion, I conceive there is nothing more necessary than to refer to the opinion of Wardlaw, J., which will be found to contain and present a full consideration of the different questions raised.
An application to the files of the office of Secretary of State, has furnished some ten or a dozen cases, embracing a period from 1810 to 1835, in which it is said, Circuit Judges sitting as a Court of Caveats, have entertained jurisdiction of like cases, and granted the, remedy sought. Long acquiescence is often imposing, and always entitled to consideration. The precedent of a few years undisputed, not unfrequently becomes the authoritative rule of after times. This argument has been pressed on the present occasion, and some of us at least have felt its force. It must be observed, however, that these cases were subjected to no scrutiny, and acquiescence is deprived of the usual sane *94 tion, when it is perceived that those whose rights were thus supposed to have been settled, may in each case have abandoned the further prosecution, from a conviction that no final benefit could be derived from the contest. The discovery of a previous grant might well authorize a withdrawal from the contest, independent of all considerations that might arise as to the mode of adjudicating that question.
A just interpretation of the Acts creating this tribunal, and defining its powers and duties, authorize the views taken in the previous case, and the evil which is apprehended from the present ruling will be readily remedied, either by .an enlargement of powers giving eifect to any judgment that may be rendered binding on all parties,-so that when the case is heard there may be an end to litigation, or otherwise, as the Legislature may think proper.
The motion to reverse the order on circuit is dismissed.
Wardlaw, Withers and Glover, JX, concurred.